JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GIANG THANH DONG and MARY TRAN NGUYEN,<br><br>Debtors, | No.    SACV 25-2204 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT |
| GIANG THANH DONG; MARY TRAN NGUYEN; and CA PROPMGT LLC,<br><br>Appellants,<br><br>v.<br><br>THOMAS H. CASEY, Chapter 7 Trustee,<br><br>Appellee. | Bankruptcy Case No. 8:23-bk-10014-SC<br><br>Adversary Case No. 8:23-ap-01035-SC |

Before the Court is an appeal filed by Giang Thanh Dong, Mary Tran Nguyen, and CA PROPMGT LLC ("CPM"), the defendants in an adversary proceeding brought by the Chapter 7 Trustee arising out of the bankruptcy case involving Giang Thanh Dong and Mary Tran Nguyen ("Debtors"). Debtors and CPM (collectively "Defendants") challenge the Judgment entered by the Bankruptcy Court establishing a constructive trust over the proceeds of a loan obtained by Debtors on bankruptcy estate property.

## I.     Factual and Procedural Background

The factual and procedural background is known to the parties and recounted in the April 30, 2025 Memorandum issued by the United States Bankruptcy Appellate Panel of the

Ninth Circuit ("BAP").  The Court does not repeat that background here except as necessary to resolve the issue before it.

The Bankruptcy Court issued the operative Judgment on September 9, 2025, following a remand from the BAP.  The BAP's April 30, 2025 Memorandum affirmed in part and vacated in part, the Bankruptcy Court's April 26, 2024 order granting the Chapter 7 Trustee's Motion for Summary Judgment avoiding transfers made by Defendants and permitting recovery under § 550(a).  Specifically, the BAP affirmed "the portion of the judgment that provided for avoidance of the transfer.  But because § 550(a) permits recovery only of the transferred property in kind or a money judgment for the value of the property," the BAP vacated "the portion of the judgment that allowed not only for the recovery of the transferred property, but also assets generated by the transferred property, i.e., the loan proceeds and real properties purchased with those proceeds."  (Defendants' Excerpts of Record ("ER") 362.)  The BAP remanded the matter to the Bankruptcy Court "so the bankruptcy court can consider whether there is any other legal basis for that recovery."  (Id.)

Following the BAP's remand, the Bankruptcy Court issued an order on May 27, 2025, requiring the parties to brief:

    1.    Whether any legal authority, including under the remedy of a constructive trust, exists to permit the recovery of the traceable damages referenced below.

    2.    Whether, considering the evidence already present in the record, the Court may find that the tracing of the fraudulent transfers (of the Tustin Property, the Oklahoma Properties, and the loan proceeds) by Defendants will permit the Court to award damages in favor of the Trustee/Plaintiff and against Defendants and if so the amount of the judgment, against which Defendants, and what such judgment would consist of, and under what legal authority.

3.    Whether the Court may award any interests in any of the real properties to Trustee and if so, whether a monetary judgment could also be entered.

(ER 383-84.)  The Bankruptcy Court directed the parties to "fully address the legal basis for the arguments presented, with specific reference to the evidence previously presented" and specifically ordered that "the parties must address the remedy of constructive trusts." (ER 384.)

After receiving the parties' Briefs, the Bankruptcy Court issued an Order Following Remand and Imposing Constructive Trust on August 22, 2025, and a Judgment on September 9, 2025.  The Bankruptcy Court's September 9, 2025 Judgment, like the earlier Judgment at issue in the appeal to the BAP, avoided Mary Tran Nguyen's transfer of her 50% interest in the Tustin Property to CPM, and recovered and preserved that 50% interest in the Tustin Property for the benefit of the bankruptcy estate.  (ER 437.)  The Bankruptcy Court's September 9, 2025 Judgment also imposed a constructive trust:

3.    The Court hereby imposes a constructive trust, in favor of Plaintiff, upon Mary Nguyen's 50% interest in all property, profits, purchases, land, improvements, proceeds, and any other assets of whatever kind or nature, whether real, personal, tangible, or intangible, and wherever located, that are directly traceable to, derived from, or obtained with Mary Nguyen's 50% share of the proceeds of the $850,000 loan obtained by CPM from HomeBridge Financial Services, Inc. on or about March 9, 2022 ("Tustin Loan Proceeds"), including those held in CPM's accounts.

4.    The Court hereby imposes a constructive trust in favor of Plaintiff [the Chapter 7 Trustee], upon Mary Nguyen's

-3-

50% interest in the Oklahoma Properties, which are commonly known as:

    a.    2644 Lakeside Drive, Oklahoma City, Oklahoma 73120 [APN 178873535] and legally described as CASADY HILLS ADD 011 012, Block/Lot: 11 / 12, Township/Range/Section: 13N / 03W / 30; and

    b.    3040 NW 11th Street, Oklahoma City, Oklahoma, 73107 [APN 064705200] and legally described as MAY TEN ADDITION 002 000 W5FT OF LOT 11 ALL OF LOT 12 & A TR OF LAND 30FT E&W ADJ TO LOT 12 ON W, Block/Lot: 2 / 11, Township/Range/Section: 12N / 04W / 25.

5.    The constructive trust imposed by the Court shall also extend to Mary Nguyen's 50% share of any direct profits or income generated from such property, as well as her 50% share of the identifiable proceeds of any sale or disposition of the same.

(ER 437-38.)

Defendants assert in this appeal that the Bankruptcy Court erred by imposing the constructive trust. According to Defendants, because the Chapter 7 Trustee had not included a claim for constructive trust in the Complaint commencing the Adversary Proceeding, and had not otherwise sought the imposition of a constructive trust when the Chapter 7 Trustee moved for summary judgment, and the Chapter 7 Trustee dismissed the claim for unjust enrichment prior to the Bankruptcy Court's imposition of a constructive trust, the imposition of the constructive trust violates Defendants' due process rights. Defendants also contend

that the Bankruptcy Court erred in imposing the constructive trust on the merits because, in Defendants' view, the Bankruptcy Court failed to establish the facts necessary to establish a constructive trust or adequately trace the proceeds of the avoided transfers subject to the constructive trust.[1/]

**II.     Jurisdiction**

This Court possesses appellate jurisdiction over the Bankruptcy Court's Judgment. See 28 U.S.C. § 158(a).

**III.    Standard of Review**

"Since a bankruptcy court is a federal court, it 'has broad equitable remedial powers.'" In re Goldberg, 168 B.R. 382, 384 (B.A.P. 9th Cir. 1994) (quoting Stone v. City & County of San Francisco, 968 F.32d 850, 861 (9th Cir. 1992)).  "'The court's choice of remedies is reviewed for an abuse of discretion.'" Id. (quoting Stone, 968 F.2d at 861).  A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record.  See In re Ellis, 523 B.R. 673, 677 (B.A.P. 9th Cir. 2014).

The Bankruptcy Court's factual findings are reviewed for clear error and conclusions of law are reviewed de novo.  See In re Point Ctr. Fin., Inc., 957 F.3d 990, 995 (9th Cir. 2020).  A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record.  See In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010).  Mixed questions of law and fact are reviewed de novo.  In re Point Ctr. Fin., Inc., 957 F.3d at 995. A reviewing court must accept the Bankruptcy Court's findings of fact unless upon review the reviewing court is left with the definite and firm conviction that a mistake has been committed.  See In re Straightline Invs., Inc., 525 F.3d 870, 876 (9th Cir. 2008).

---

[1/]     Defendants mention other issues in their appellate briefs that appear to challenge the Bankruptcy Court's initial grant of summary judgment in favor of the Chapter 7 Trustee and their position that the Chapter 7 Trustee failed to add Mary Tran Nguyen's brother as an indispensable party.  Those issues were resolved against Defendants by the BAP in the earlier appeal and are now law of the case.  This Court will not consider those arguments or disturb the BAP's resolution of those issues in this appeal.

## IV.   **Discussion**

Defendants contend that the Bankruptcy Court should not have imposed a constructive trust because the Chapter 7 Trustee's pleadings did not provide them with sufficient notice that a constructive trust might be imposed.  The Chapter 7 Trustee's Complaint included in its prayer that the Bankruptcy Court award "such other and further relief as the Court deems just and proper."  (ER 25.)  Moreover, the entire premise of the Chapter 7 Trustee's action was to avoid Defendants' transfers and have the property, or value of the property, returned to the bankruptcy estate.  See American Motorists Ins. Co. v. Cowan, 127 Cal. App. 3d 875, 883, 179 Cal. Rptr. 747, 751 (1982) ("This was a tried case, and it is fundamental that after trial on the merits, the court may afford any form of relief supported by the evidence and as to which the parties where on notice, whether requested in the pleadings or not.").  The Bankruptcy Court also sought briefing from both parties prior to its imposition of the constructive trust.  Defendants had a fair opportunity to address the propriety of a constructive trust.

"A constructive trust is an equitable remedy to compel the transfer of property by one who is not justly entitled to it to one who is.  A constructive trust may only be imposed when three conditions are met:  the existence of a res, the plaintiff's right to the res, and the defendant's acquisition of the res by some wrongful act."  Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga, 175 Cal. App. 4th 1306, 1332, 96 Cal. Rptr. 3d 813, 840 (2009); see also American Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1485, 171 Cal. Rptr. 3d 548, 575 (2014) (explaining that a constructive trust is a remedy and collecting cases).  Because a constructive trust is a remedy rather than a substantive claim for relief, the fact that the Chapter 7 Trustee's Complaint did not assert a separate claim for a constructive trust did not prevent the Bankruptcy Court from imposing a constructive trust.  See PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 398, 58 Cal. Rptr. 3d 516, 527 (2007) ("A constructive trust, however, is an equitable remedy, not a substantive claim for relief.").

The Court concludes that there simply is no basis to conclude that the Bankruptcy Court abused its discretion when it imposed the equitable remedy of a constructive trust. Moreover, the Bankruptcy Court did not clearly error in its factual findings supporting the imposition of constructive trust. Those facts include the facts supporting the earlier grant of summary judgment affirmed by the BAP that avoided the transfers. Finally, the constructive trust imposed by the Bankruptcy Court is limited to Mary Tran Nguyen's 50% interest in the underlying Tustin Property and the 50% of the loan proceeds traceable to that property that were used to acquire the other properties. The Bankruptcy Court's imposition of the constructive trust is fully consistent with the BAP's prior Memorandum and the BAP's remand for the Bankruptcy Court to "consider whether there is any other legal basis for that recovery."

### Conclusion

For all of the foregoing reasons, the Court affirms the Bankruptcy Court's Judgment and the imposition of the constructive trust contained in the Judgment.

IT IS SO ORDERED.

DATED: March 18, 2026

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE